VEITH *v.* AUTO-OWNERS INS. CO..

WORKMEN'S COMPENSATION—INSURANCE COMPANY'S REAL ESTATE MANAGER—DEATH ARISING OUT OF AND IN COURSE OF EMPLOYMENT—FINDING OF DEPARTMENT.

In proceeding to recover dependency compensation by widow of insurance company's trusted mortgage and real-estate department manager, a full-time employee whose duties involved the investigation of applications for loans and supervision of real-estate holdings of the company for which the company furnished him a car in which he was riding at 4 p. m. when instantly killed, department's consideration of employer's report of compensable accident as *prima facie* evidence of such an accident and its finding that accident arose out of and in the course of employment is not disturbed where evidence bearing on the question supports the award, showing the accident happened during employment hours, there is no showing he was outside of his line of duties or engaged in private affairs, and that his duties may well have caused him to be at place of accident.

Appeal from Department of Labor and Industry. Submitted April 5, 1940. (Docket No. 50, Calendar No. 40,979.) Decided June 3, 1940.

Olive I. Veith presented her claim for compensation for death of her husband against Auto-Owners Insurance Company, employer, and Lumbermen's Mutual Casualty Company, insurer. Award to plaintiff. Defendants appeal. Affirmed.

*Benjamin F. Watson,* for plaintiff.

*Sessions & Warner,* for defendant.

WIEST, J. Vernon L. Veith was in the employ of the Auto-Owners Insurance Company of Lansing as

full time manager of its mortgage and real estate department to investigate applications for loans and to supervise the real-estate holdings and loans of the company. His duties along such lines required him to go about from place to place and for such purpose the company furnished an automobile. December 13, 1938, Mr. Veith left the company office at about 4 o'clock in the afternoon, which was during his hours of employment, called upon a plumber relative to company affairs and about a half hour later was driving the company automobile along a highway eight miles north of Lansing and, in a head-on collision caused by a tire blow-out on an approaching car, he was instantly killed. The employer filed a compensable report of the accident and later a compensable death report on the forms provided by the department of labor and industry. When the widow of the deceased employee claimed dependency compensation the defendant employer denied that the accidental death of Mr. Veith arose out of and in the course of his employment. Upon a hearing before a deputy commissioner, dependency compensation was awarded and, upon appeal to the department, was affirmed.

Upon review in the nature of certiorari defendant contends that the department based the award upon the report of a compensable accident without evidence that it arose out of and in the course of his employment.

It is true the department in an opinion did consider the report of a compensable accident *prima facie* evidence of such an accident, inclusive of the essential fact not specifically stated therein that it arose out of and in the course of his employment. If, however, the evidence before the department bearing on that question supports the award we may not grant reversal.

The accident happened during employment hours of the deceased, and there was no showing that he was outside his line of duties and there is testimony that his duties may well have caused him to be at the place of the accident. There was no basis for an inference that he was about his private affairs, and there was testimony supporting a finding that he was at that place in pursuance of the duties of his employment.

Applications for loans came to him, at least in some instances, for preliminary consideration and investigation, and the testimony of officers of the company that they did not know of any application for a loan or other reason for his being at the place of the accident did not show that he was outside the duties of his employment. Mr. Veith was evidently a high-grade and trusted employee.

We find no point of law requiring vacation of the award, and it is affirmed, with costs.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.